IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| MARK GUETZKO, LISA GUETZKO, RICHARD ALTORFER, SEEDORFF MASONRY, INC., DALE KARTMAN, SUSAN KARTMAN, and SEEDORFF, <br><br>Plaintiffs, <br><br> vs. <br><br> KEYBANK NATIONAL ASSOCIATION, <br><br> Defendant <br><br> and <br><br> TRI-COUNTY METROPOLITAN TRANSPORTATION DISTRICT OF OREGON, an Oregon municipal corporation, <br><br> Intervenor-Defendant. | No. C08-2067 <br><br> ORDER GRANTING MOTION TO INTERVENE |

This matter comes before the Court on the Motion to Intervene (docket number 3) filed by Tri-County Metropolitan Transportation District of Oregon ("TriMet") on November 14, 2008, and the Resistance (docket number 12) filed by the Plaintiffs on November 26, 2008. According to the motion, Defendant KeyBank National Association ("KeyBank") does not resist the motion to intervene. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

### I. ISSUE PRESENTED

On November 5, 2008, Plaintiffs filed a Petition in the Iowa District Court for Clayton County, seeking injunctive relief against KeyBank, Raymond James Financial Services, and Jeffrey State. Plaintiffs asked that the court enjoin KeyBank from honoring

1

a request by TriMet to draw on a Letter of Credit at KeyBank. On November 7, the Iowa District Court granted Plaintiffs' request for temporary injunction.[1] On November 12, KeyBank removed the action to this court. The issue raised by the instant motion is whether TriMet should be permitted to intervene as a defendant.[2]

## II. RELEVANT FACTS

TriMet contracted with Colorado Railcar Manufacturing, LLC ("Colorado Railcar") to provide railcars for TriMet's use. As part of the agreement, Colorado Railcar was required to provide a Letter of Credit in the amount of $3 million to ensure performance. KeyBank provided that Letter of Credit. The "applicant" on the Letter of Credit is CRM Collateral II ("CRM II") and the "beneficiary" of the Letter of Credit is TriMet. CRM II signed a reimbursement agreement with KeyBank, agreeing to reimburse the bank for amounts drawn under the Letter of Credit issued in favor of TriMet on Colorado Railcar's behalf. While it is not entirely clear to the Court, Plaintiffs are apparently shareholders in CRM II. According to Plaintiffs' petition, they "have guaranteed much of the Letter of Credit."

> If TriMet successfully draws down the letter of credit, it will be the responsibilities of plaintiffs, pursuant to security agreements to KeyBank to reimburse it for the letter of credit payment.

Petition and Request for Temporary and Permanent Injunction (docket number 2-5), ¶ 6 at 2.

---

[1] Also at that time, Plaintiffs dismissed without prejudice Defendants Raymond James Financial Services and Jeffrey State.

[2] Attached to the Motion to Intervene are a Motion to Dissolve Temporary Injunction (docket number 3-7) and a Motion to Dismiss or in the Alternative to Stay or to Change Venue (docket number 3-9), which TriMet intends to file if it is permitted to intervene in this action. Plaintiffs have filed resistances to the proposed motions. *See* docket numbers 11 and 13. However, those proposed motions are not before the Court at this time.

In their petition, Plaintiffs claim that because of its other dealings with Colorado Railcar, TriMet should be enjoined from drawing on the Letter of Credit at KeyBank. The facts regarding TriMet's relationship with Colorado Railcar and its operation are complex and, apparently, hotly contested. For purposes of the motion to intervene, they need not be detailed here.

On October 27, 2008, CRM II and Richard Altorfer (one of the Plaintiffs in this case) filed a Complaint in the United States District Court for the District of Oregon. The claims in the Oregon action arise from the same circumstances which give rise to the instant action. Named as defendants in the Oregon action were KeyBank and TriMet. The United States District Court in Oregon entered a temporary restraining order ("TRO"), prohibiting TriMet from drawing on the letter of credit and setting the matter for hearing on whether a preliminary injunction should issue. Apparently, however, CRM II decided to let the TRO lapse and not pursue a preliminary injunction. On November 4, Altorfer dismissed his claims in the Oregon litigation without prejudice and joined in the filing of the instant action in the Iowa District Court on November 5.

### III. DISCUSSION

Claiming that it is the real party in interest in this dispute, TriMet asks that it be permitted to intervene as a matter of right, pursuant to FEDERAL RULE OF CIVIL PROCEDURE 24.

> On timely motion, the court must permit anyone to intervene who:
>
> . . .
>
> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

FED. R. CIV. P. 24(a)(2). Accordingly, TriMet is entitled to intervene if (1) the motion is timely, (2) TriMet has an interest in the transaction that is the subject of this action, (3) the disposition of this action may impair TriMet's ability to protect its interest, and

(4) KeyBank will not adequately represent TriMet's interest. *Medical Liability Mut. Ins. Co. v. Alan Curtis LLC*, 485 F.3d 1006, 1008 (8th Cir. 2007).

The timeliness of a motion to intervene must be determined from a review of all the circumstances. *NAACP v. New York*, 413 U.S. 345, 366 (1973). "In determining timeliness, factors that bear particular consideration are the reason for the proposed intervenor's delay in seeking intervention, how far the litigation has progressed before the motion to intervene is filed, and how much prejudice the delay in seeking intervention may cause to other parties if intervention is allowed." *Mille Lacs Band of Chippewa Indians v. Minnesota*, 989 F.2d 994, 998 (8th Cir. 1993); *Winbush v. Iowa*, 66 F.3d 1471, 1479 (8th Cir. 1995) (same). No "ironclad rules" govern a determination of timeliness. *Mille Lacs Band*, 989 F.2d at 998.

In their resistance, Plaintiffs argue that the motion is not timely "because Tri-Met had the opportunity to intervene before the state court temporary injunction hearing, but refused to do so." Plaintiffs do not cite any authority to support their argument that a party who does not intervene in state court cannot intervene after the case has been removed to federal court. Here, TriMet filed its motion to intervene two days after the action was removed to federal court. No delay or prejudice will result to the parties if TriMet is permitted to intervene. After considering all of the circumstances, the Court concludes that the motion to intervene was timely filed.

The remaining three issues appear to be undisputed. First, TriMet has "an interest" in the issue of whether KeyBank should be enjoined from permitting TriMet to draw on the Letter of Credit guaranteed by Plaintiffs. *San Juan Cty. v. United States*, 503 F.3d 1163, 1199 (10th Cir. 2007) ("practical judgment must be applied in determining whether the strength of the interest and the potential risk of injury to that interest justify intervention"). Second, adverse disposition of this action would impair TriMet's ability to protect its interest. *Turn Key Gaming, Inc. v. Oglala Sioux Tribe*, 164 F.3d 1080, 1081 (8th Cir. 1999). Third, KeyBank has no particular interest in whether or not a permanent injunction is issued. Accordingly, it cannot be expected that KeyBank will represent

TriMet's interests. Rule 24 is satisfied if the movant "shows the representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n.10 (1972).

In Plaintiffs' brief filed in support of their resistance to the motion to intervene, Plaintiffs note that they have filed a Motion for Remand (docket number 6), arguing that there is no federal jurisdiction. Accordingly, Plaintiffs believe that the Court must "first determine" the motion for remand before addressing the motion to intervene.

> Because this court does not have removal jurisdiction, for the reasons presented in Plaintiffs' motion to remand, this court need not address the motion to intervene.

Brief in Support of Plaintiffs' Resistance to Motion to Intervene (docket number 12-2) at 2.

The case cited by Plaintiffs does not hold, however, that when confronted with a motion to intervene and a motion for remand, the district court must first determine the issues raised in the motion to remand. *See Horton v. Conklin*, 431 F.3d 602 (8th Cir. 2005). The Court believes that it has discretion to address pending motions in the order in which logic and facts require. *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1052 (8th Cir. 2006); *Dahiya v. Talmidge International, Ltd.*, 371 F.3d 207, 210 (8th Cir. 2004).

In this case, logic and facts require that TriMet be permitted to intervene before the Court addresses Plaintiffs' motion to remand. As indicated above, KeyBank has no particular interest in the outcome of this action and, therefore, may not adequately represent TriMet's interests on the motion to remand.[3] By allowing TriMet to intervene, the Court will be aided by TriMet's arguments and authority on the remand issue.

In summary, the Court concludes that TriMet is entitled to intervention as a matter of right, pursuant to FEDERAL RULE OF CIVIL PROCEDURE 24(a)(2). Therefore, the motion to intervene will be granted.

---

[3] However, KeyBank filed a brief in opposition to the motion to remand on December 3.

## IV. ORDER

IT IS THEREFORE ORDERED that the Motion to Intervene (docket number 3) filed by Tri-County Metropolitan Transportation District of Oregon on November 14, 2008 is hereby **GRANTED**.

DATED this 4th day of December, 2008.

_____
JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA