032509Nf

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF IOWA
## EASTERN DIVISION

| | | |
|---|---|---|
| MARK GUETZKO, LISA GUETZKO, RICHARD ALTORFER, SEEDORFF MASONRY, INC., DALE KARTMANN, SUSAN KARTMAN, AND SEEDORFF PARTNERSHIP, L.P., | ) ) ) ) ) ) | No. C08-2067 EJM |
| | ) | ORDER |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | |
| KEYBANK NATIONAL ASSOCIATION, | ) ) | |
| Defendant. | ) | |

This matter is before the court on plaintiffs' resisted Motion to Remand to State Court, filed November 19, 2008 (docket #6), on Intervenor-defendant Tri-County Metropolitan Transportation's (TriMet) resisted Motion to Dismiss, filed December 5, 2008 (docket #20), on TriMet's resisted Motion to Dissolve Injunction, filed December 5, 2008 (docket #21), and on TriMet's objection to the court's[1] February 25, 2009 order granting CRM Collateral II, Inc. (CRM) leave to intervene, filed March 10, 2009 (docket #37).   Ruling reserved.   Remanded unless supplemental jurisdictional statement filed.

Plaintiffs initially filed this matter in the Iowa District Court for Clayton County on November 5, 2008 seeking declaratory and injunctive relief against Keybank, Raymond James Brokerage, and Jeffrey State, claiming that TriMet, through fraud,

---

1 The Honorable Jon S. Scoles, US Magistrate Judge.

seeks to draw down on a $3,000,000 letter of credit issued by KeyBank upon application of CRM.  Plaintiffs urge that they have guaranteed much of the letter of credit (apparently through their interests in guarantor CRM), and that if drawn down, pursuant to security agreements with KeyBank it will be the responsibility of plaintiffs to reimburse KeyBank.  On November 7, 2008, the Iowa District Court for Clayton County granted plaintiffs' request for a temporary injunction enjoining KeyBank from honoring a request by TriMet to draw on the letter of credit.

On November 12, 2008, Keybank removed the matter to this court pursuant to 28 USC §1441(a).  Keybank asserts plaintiffs are residents of Iowa, and that Keybank is a National Banking Association with its principal place of business in Ohio.  Keybank further asserted that defendant Raymond James Financial Service does business in the state of Iowa, and that defendant Jeffrey State is a resident of Iowa, however, these two defendants were dismissed prior to removal.  Keybank asserts the matter in controversy exceeds $75,000, and asserts jurisdiction based on 28 USC §1332.

On December 4, 2008, TriMet, an Oregon municipal corporation, was granted permission to intervene as a defendant, and on February 25, 2009, CRM Collateral II, Inc., a Colorado corporation with its principal place of business in Colorado, was granted permission to intervene as a plaintiff.

Plaintiffs seek remand, asserting that the amount in controversy requirement is not met, and therefore the court lacks subject matter jurisdiction.  In support, plaintiffs urge that they are not claiming any entitlement to damages exceeding

$75,000 as there is no gain to them from the relief sought, enjoining defendant's ability to draw down the $3,000,000 letter of credit. Rather, they contend they seek only to maintain the status quo, stopping KeyBank from allowing TriMet to use a letter of credit that had been guaranteed, but has now expired.

KeyBank resists remand, asserting that satisfaction of the amount in controversy requirement does not depend upon whether a plaintiff is seeking damages of $75,000 or more, but rather, the fact that plaintiffs seek to avoid paying the $3,000,000 places the amount in controversy at $3,000,000, exceeding the $75,000 jurisdictional requirement of 28 USC §1332.

It appears undisputed that if plaintiffs' position is rejected, a transfer in excess of $75,000 will occur, with plaintiffs being required to reimburse KeyBank in the amount of $3,000,000. If plaintiff's position is sustained, they will not be required to make the reimbursement. The amount in controversy is the monetary value to the plaintiff of the object of the litigation. James Neff Kramper Family Farm Partnership v. IBP, Inc., 393 F3d 828 (8th Cir. 2005). Here, that amount is the value of the letter of credit, $3,000,000. The jurisdictional amount is satisfied.

In addition to the jurisdictional amount, jurisdiction under 28 USC §1332 is predicated upon citizenship, which Keybank has failed to properly plead. Sanders v. Clemco, 823 F2d 214, 216 (8th Cir. 1987); Peoples Bank & Trust v. Rue, 210 FS 952 (ND IA 1962). This matter shall be remanded unless a supplemental jurisdictional statement is filed properly pleading subject matter jurisdiction.

It is therefore

ORDERED

Ruling reserved.  Remanded to the Iowa District Court for Clayton County unless Keybank files a supplemental jurisdictional statement establishing subject matter jurisdiction by not later than Monday, April 6, 2009.

March 26, 2009.

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT